### STATE vs. JOHN STEVENS.

*Criminal Law — Larceny — Finding Lost Property — Felonious Intent.*

1. The general rule governing cases of lost property, where larceny is charged, is this: if the finder knows who the owner is, from any marks on it, or if from the circumstances under which the property was found the owner could reasonably have been ascertained, then the fraudulent conversion to the finder's use is sufficient evidence to justify the jury in finding a felonious intent.

2. The jury should take into consideration the circumstances attending the finding of the property, and say whether or not at the time of the alleged finding the prisoner intended to convert it to his own use.

(*April 26, 1900.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Robert C. White,* Attorney-General, for the State.

*William P. Shockley* for defendant.

Court of General Sessions, Kent County, April Term, 1900.

LARCENY. At the trial the State proved that on the evening of January 4, 1900, one John W. Ennis, while paying some money to a colored man in a store in Clayton, laid upon a safe in said store seventeen dollars in paper money, that he had no recollection of picking said money up, and on the following morning found it was not in his pocketbook where he had been keeping the same. That there were ten or twelve men in the store at the time, the defendant being among the number. That owing to information which he received he asked the defendant for the money, but was told by the latter that he did not have the same. The witness, Wells, who was a clerk in the store, testified that while he and the defendant were alone in the store, later in the same evening that the money was lost, he saw Stevens stoop and pick up something

near the safe, putting it in his inside pocket. That he could not say what it was, but that it was green and white. That he asked Stevens whether it was a one or a five and that Stevens said "I don't know; I have not looked at it," and in the course of a subsequent conversation said: "If it is Jim Saxson's, he will get it; if not, the man who gets it will have it to prove." That the defendant later said to witness, "Don't you go around and blab it to Jim" (meaning Mr. Saxon, the proprietor of the store).

The defendant denied finding any money, and also denied having the conversation testified to by Wells.

LORE, C. J., charging the jury:

Gentlemen of the jury:—John Stevens, the defendant, the prisoner at the bar, is charged with larceny, which is the felonious taking and carrying away of the goods and chattels of another with intent to convert the same to the taker's use without the consent of the owner.

The counsel for the defendant has asked us to charge you that the finder of lost property comes into the possession of the property lawfully, and that he makes no trespass in taking the property into his possession, and the finder of lost property cannot commit larceny by the simple act of finding and taking into his possession.

*Clark's Criminal Law, 255 and 266.*

That if the finder of lost property does not know who the property belongs to at the time of finding it and takes it innocently as a simple finder, that no subsequent change of mind and fraudulent appropriation can make him guilty of larceny.

*Clark's Criminal Law, 255-6 and 266-7; People vs. Cogvell, 1 Hill (N. Y.), 94. People vs. Anderson, 14 Johns (N. Y.), 294; Reg. vs. Preston, 5 Cox Crim. Cases, 390; State vs. Roper, 3 Devereux (N. C.), 473; Ransom vs. State, 22 Connecticut, 153; State vs. Conway, 18 Mo., 321; Mayor vs. State (Tenn.) 4 S. W. Rep., 659; Lane vs. People, 5 Gilman, 305.*

That if there were no marks upon the lost goods by which the finder could discover the owner of them, or if the finder had no

knowledge of the owner of them, the finding and retention of them could not constitute the crime of larceny, and that if the jury discovered the same from the facts in evidence, they were to acquit.

That proof must be given of the genuineness of the notes. *State vs. Dobson, 5 Harr., 563.*

That lost goods cannot be the subject of larceny.

*State vs. Roper, 3 Devereux's Rep.* (*N. C.*), *473, 476; 14 Johnston* (*N Y.*) *294* (*296*), *People vs. Henderson.*

That unless the felonious intent was formed at the time of the finding, the jury are to acquit.

*Starck vs. State, 63, Ind., 287.*

Gentlemen, these prayers contain, in the main, a correct statement of the law, if the case be a simple finding. But not every one who finds and keeps goods that are lost or laid down is innocent. The general rule governing such cases is this: if the finder knows who the owner of the lost chattel is, from any marks upon it, or if from the circumstances under which it was found, the owner could have reasonably been ascertained, then the fraudulent conversion to the finder's use is sufficient evidence to justify the jury in finding a felonious intent.

Should it be found, therefore, when a person picks up goods that have been laid down or lost, that he conceals them, that at the time he discloses a knowledge of the owner, and states that if they were the goods of a certain one, he would give them to him, and if they were the goods of anyone else they would have to prove it —if it should be found that the articles so found when asked for were not disclosed, but concealed, and that the party taking the goods is actually talking to the owner of them and denies the possession of the goods, we charge you that in such a case it would not be a case of ordinary finding, but you should take into consideration all such circumstances attending the finding of the goods and say whether or not at the time of the alleged finding he intended to convert them to his own use. Such circumstances would be evidence from which you might reasonably infer felonious intent.

The rule is well stated in *3 Greenleaf on Evidence, Sec. 159,* as follows: " If the finder knows who is the owner of the lost chattel, or if, from any mark upon it, or from the circumstances under which it was found, the owner could reasonably have been ascertained, then the fraudulent conversion of it to the finder's use is sufficient evidence to justify the jury in finding the felonious intent constituting a larceny."

You must determine from the evidence in this case whether this was an innocent taking of the goods; a finding of the same without any reasonable means of knowing the owner and under circumstances such as would not amount to a felonious taking.

Verdict, not guilty.